UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAIME RAMOS, AKA Jasmine Ramos,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-70528

Agency No. A205-314-036

ORDER

FEB 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Before:  WATFORD and FRIEDLAND, Circuit Judges, and MOTZ,[*] Senior District Judge.

Respondent's unopposed motion to amend the memorandum disposition is GRANTED.  The memorandum disposition filed January 13, 2016, is amended by the memorandum disposition filed concurrently with this order.

---

[*]  The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAIME RAMOS, AKA Jasmine Ramos,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-70528

Agency No. A205-314-036

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 7, 2016[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and MOTZ,[***] Senior
District Judge.

Jaime Ramos, a native and citizen of El Salvador, petitions for review of an

order of the Board of Immigration Appeals (BIA) denying her application for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable J. Frederick Motz, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Ramos challenges only the denial of her withholding and CAT claims before this court.

**1.** The BIA erred in evaluating Ramos's claim of past persecution. In order to demonstrate past persecution, an applicant for asylum or withholding must show that she was persecuted on account of a protected ground "*either* by the government *or* by individuals or groups the government is unable or unwilling to control." *Castro-Martinez v. Holder*, 674 F.3d 1073, 1080 (9th Cir. 2011) (emphasis added); *Afriyie v. Holder*, 613 F.3d 924, 936 (9th Cir. 2010). Ramos's beating by police officers constituted state action for purposes of establishing past persecution, and the BIA erred by requiring her to make some further showing that the Salvadoran government was unable or unwilling to control her attackers. *See Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1088 (9th Cir. 2005); *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004). Because the BIA's denial of Ramos's withholding claim relied on an incorrect legal standard, we grant the petition and remand for the BIA to reassess her eligibility for withholding under the correct standard.

**2.** The BIA likewise erred in evaluating Ramos's CAT claim. Because Ramos was attacked by police, her beating was necessarily "inflicted by . . . a

public official." 8 C.F.R. § 1208.18(a)(1). She did not need to show that the government otherwise acquiesced in the assault. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079–80 (9th Cir. 2015). We remand for the BIA to consider the other elements of Ramos's CAT claim in the first instance.

**3.** The BIA and IJ also erred by failing to consider Ramos's argument that she will likely be persecuted or tortured if removed to El Salvador because she is a transgender woman. Ramos clearly asserted her gender identity as a basis for relief distinct from her sexual orientation. The immigration judge improperly conflated Ramos's gender identity and sexual orientation. *See id.* at 1080–81. Although the BIA acknowledged that Ramos is transgender, its opinion offers no indication that it actually considered whether she is entitled to withholding or CAT relief as a result. We remand to the BIA to conduct further proceedings necessary to consider this claim.

**PETITION GRANTED and REMANDED.**